IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL SMITH and DEBORAH SMITH, | |
| Plaintiffs, | Case No. |
| vs. | DEMAND TRIAL BY JURY |
| NVR, INC. | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs, PAUL SMITH and DEBORAH SMITH, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, brings this action against NVR, INC. for violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq*.

## NATURE OF THE ACTION

1. NVR, INC. is commonly known as and transacts business under the assumed name of Ryan Homes. NVR, Inc. is a homebuilder and mortgage lender. NVR, Inc. is one of America's largest homebuilders. NVR, Inc. builds homes in Illinois and approximately thirteen (13) other states.

2. Plaintiffs bring this action to recover actual damages for themselves and other similarly-situated purchasers of Ryan Homes.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a

1

citizen of a state different from NVR, Inc. In addition, there is diversity of citizenship as Plaintiffs and Defendant are residents of different states. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over NVR, Inc. as a result of Defendant's substantial, continuous and systematic contacts with Illinois and because Defendant has purposely availed itself of the benefits and privileges of conducting business activities within Illinois.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiffs, Paul Smith and Deborah Smith, are residents of Plainfield, Illinois.

7. Defendant is a Virginia corporation with its principal place of business in Reston, Virginia.

## FACTS

8. Plaintiffs purchased a home in Plainfield, Illinois in a community commonly referred to as Grande Park and in a neighborhood commonly referred to as Tall Pines. The Defendant built all of the approximately forty-six (46) homes in the Tall Pines neighborhood. The approximate price of each home in the Tall Pines neighborhood is $250,000.

9. All of the homes the Defendant built in Tall Pines, including Plaintiffs' home, suffer from some of the same material construction defects.

10. The homes built by the Defendant in Tall Pines, including Plaintiffs' home, were not built to the applicable building codes.

11. In addition, the Defendant built homes in Tall Pines that were not constructed to the specifications of the building plans submitted to the Village of Plainfield for approval.

12. The deficiencies involve important aspects of each home. Specifically, the HVAC compressor units in the homes in Tall Pines are 2.5-ton or smaller units. HVAC compressors of this size may be appropriate for similarly sized homes located in HVAC region 1 - - a term of art used by Defendant. However, Tall Pines is located in HVAC region 5, and as a result, the applicable building code requires that the homes in Tall Pines have at least 3-ton compressor. There is a very similar deficiency with the furnaces in the homes in Tall Pines. The applicable building code requires a region 5 sized furnace. However, the furnaces in Tall Pines are region 1 sized furnaces. As a result, the HVAC systems are not code compliant and do not match the construction drawings submitted to the Village of Plainfield for approval.

13. Another important deficiency involves the floor framing for these homes. The joists are not spaced according to the construction plans submitted to the Village for approval. As a result, there is inadequate supports for the floors. The homes built by the Defendant at Tall Pines do not meet the applicable code for floor framing.

14. A third deficiency involves the shingles. While the quality of shingle advertised to purchasers, including Plaintiffs, was a 30-year shingle. The shingles actually installed were only twenty-five-year shingles.

15. A fourth deficiency involves the cabinets installed inside the homes. The cabinets were represented by Defendant as and sold as "wood" cabinets. The Defendant advertised oak or maple cabinetry for its standard cabinet installation, and at the option selection meeting the purchaser could upgrade to a nicer species of wood and/or finish. Whether upgraded or not, Defendants represented that all cabinets were "wood". However, there is a non-wood and

artificial venire or wrap on the surface of all of the cabinets, which is an area of the cabinet where any reasonable consumer would expect the surface to be wood and not an artificial non-wood material.

16. Finally, the copper supply lines for the cold and hot water plumbing are also not code compliant. The diameter of the pipes is too small; it does not match the construction drawings; and it is not code compliant.

## **CLASS ACTION ALLEGATIONS**

17. While reserving the right to redefine or amend the class definition prior to seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent a Class of all persons who purchased homes from Defendant in the Tall Pines neighborhood, as each one of the homes has the defects detailed in Paragraphs 12-15 of the Complaint *supra*.

18. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court.

19. Defendant, prior to its sales of the homes in Tall Pines, represented to Plaintiffs and the Class, that the homes would be constructed as shown on the construction drawings. Questions of law and fact common to Plaintiffs and the Class include:

      a. Whether Defendants' construction of homes which varied from the construction plans submitted to the Village for approval created a likelihood of deception or had the capacity to deceive new home purchasers;

      b. Whether Defendants' failure to build new homes to the applicable building code created a likelihood of deception or had the capacity to deceive new home purchasers;

      c.      Whether Defendants' construction of homes which varied from the construction plans submitted to the Village for approval constituted a material breach of the contract to purchase a new home;

      d.      Whether Defendants' failure to build new homes to the applicable building code constituted a material breach of the contract to purchase a new home;

      e.      The actual damages suffered as a result of the Defendants' deceptive practices and breach of contract; and

      f.      The proper amount of recoverable penalties, fees, interest, and attorneys' fees.

20. Those common questions of law and fact predominate over questions that affect only individual Class members.

21. Plaintiffs' claims are typical of Class members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct. Specifically, all Class members, including Plaintiffs, were subjected to the same misleading and deceptive conduct when they purchased Ryan Homes and they suffered damages because Defendant misrepresented that Ryan Homes were built to specifications. Absent Defendant's business practice of deceptively and unlawfully not building homes to specifications and not building homes to the applicable building code, Plaintiff and other Class members would have paid substantially less for the Ryan Homes in Tall Pines or not purchased the homes at all.

22. Plaintiffs will fairly and adequately represent and protect the interests of the Class; they have no interests which are incompatible with the interests of the Class; and they have retained counsel competent and experienced in class action litigation.

23. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class member is such that, absent representative litigation, it would be infeasible for Class members to redress the wrongs done to them.

24. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3). In addition, it may be appropriate, pursuant to Fed. R. Civ. P. 23(c)(4), to maintain this action as a class action with respect to particular issues.

## CAUSE OF ACTION

### Count I
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1, *et seq.*

25. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et. seq.* makes it unlawful to employ "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce." 815 ILCS 505/2.

26. As detailed throughout Plaintiff's Complaint, Defendant deceived new home purchasers. The homes in Tall Pines were not constructed to the specifications of the building plans submitted to the Village for Approval. In addition, the homes in Tall Pines were not built to the applicable building code.

27. Defendants' acts and omissions create a likelihood of deception and have the capacity to deceive new home purchasers.

28. Defendant violated Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act by misrepresenting the actual finished product, as what Plaintiffs and the Class purchased was not code compliant or built to specifications. Defendants' unlawful acts and omissions were committed with the intent that new home purchasers and a third party regulatory authority would rely upon the construction plans submitted for approval.

29. Plaintiff and the Class were damaged by Defendant's deceptive practices and their purchases of new homes. Plaintiff and the Class would not have purchased the Ryan Homes in Tall Pines or paid the price they did, had the true facts been known.

## Count II
## Breach of Contract

30. The contract for purchase of Plaintiffs' home in Tall Pines stated *inter alia* that the Home would be constructed as shown on the construction drawings. A copy of the Illinois Purchase Agreement is attached as Exhibit 1.

31. The same or substantially the same contract and contractual promise was set forth in all contracts for the purchase of new homes in Tall Pines.

32. Defendant breached the contract, as more fully set forth above, by failing to construct the homes in Tall Pines to the specifications in the construction drawings submitted for approval and in failing to build new homes to the applicable building code.

33. Plaintiffs and the Class were damaged by Defendant's breach of contract. Plaintiffs and the Class would not have purchased the Ryan Homes in Tall Pines or paid the price they did, had the true facts been known.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, on behalf of themselves, and all others similarly situated, pray for judgment against Defendant, and the following remedies:

a. An Order declaring this action to be a proper class action, appointing Plaintiffs as class representatives, and appointing the undersigned counsel as class counsel;

b. An Order requiring Defendant to bear the cost of class notice;

c. An Order requiring Defendant to pay all actual, compensatory, and punitive damages (as allowed by law) permitted under the Illinois Consumer Fraud and Deceptive Business Practices Act;

d. Pre- and post-judgment interest (as allowed by law);

e. An award of attorneys' fees and costs; and

f. Such other and further relief for Plaintiffs and the Class as the Court deems appropriate and just.

## **JURY DEMAND**

Plaintiffs hereby demands a trial by jury.

Respectfully Submitted,

By: */s/ Aaron W. Rapier*

Aaron Rapier
Rapier Law Firm
1770 Park St., Suite 200
Naperville, IL 60563
T: (815) 782-5478
F: (815) 327-3449
arapier@rapierlawfirm.com

*Attorney for Plaintiffs and all others similarly situated*